Good morning. May it please the court. This case boils down to one of the basic facets of our criminal justice system, and it's that the government needs to prove its case. And it needs to prove not just certain elements of the case, but all of the elements of the case. Now, looking at the evidence in the best light towards the government, we see here that there was an incident. The incident occurred while the defendant was entering a location that... What element wasn't proved? The element of that this occurred on federal land. Now, this happened in what is colloquially called the Immigration Court. It's an administrative hearing body that is located within a private office building. The entrance to the private office building that's used by people attending court is the same entrance that's used by people who maintain offices in that same building. If we find that the evidence shows some of the conduct occurred behind the metal detectors, would that be sufficient to show that the conduct occurred on GSA-controlled property? Well, our argument is that the statute says that if you created a nuisance, either on or entering into the land that's contained within federal property, then that constitutes a nuisance under the statute. But we don't believe that at the trial, that aspect of it, that aspect of whether or not there was actually federal land was proven. There was no testimony by anybody that had any kind of personal knowledge that this was an area that was actually controlled by the General Services Administration, GSA. There was a security guard that testified, and that security guard said, well, I think that our private security firm is employed by the GSA, and we're employed by them, and then we control that land. But she didn't have any kind of personal knowledge. She wasn't the proper person to testify about that. Well, are there any cases out there that would help you in your view of the proposition that federal administrative agency courts that are located within a private building are not federal enclaves? Well, our argument is not that it wasn't on federal property, or parts of it are not federal property. Let's answer the question first, then let's go from there. Are there any cases out there that… Not that I'm aware of, Your Honor. Okay, go ahead. But our argument is not that part of this land is not at least controlled by the federal government. It's clear if you walk into the courtroom, or the administrative hearing room, that that's controlled by federal land. So as a general proposition, then it's okay from a federal jurisdiction standpoint to have courts within a private facility. That doesn't somehow convert them into private property, non-government property. No, that's not… Of course. So that's not your argument? No, I mean, the federal government… Then what is your argument? Our argument is that element was not shown, is that there was no testimony that this was on federal land. That even though there was plenty of testimony about the incident that happened… What about Inspector Hill of the Federal Protective Service indicating that the entrance to the immigration court is subject to GSA authority? Was that challenged in any way? Well, it was questioned, and Inspector Hill was not privy to any kind of agreement. He was an inspector. He works as a security guard. They called a security guard to testify to something that he didn't have personal knowledge of. That's our argument, is that the elements that needed to be met just weren't met to the sufficient degree that is required in a criminal case. The government concerned its efforts… There were objections to that testimony? I don't believe there was at the time, no. We had to proceed on plain error then? Correct, Your Honor. It was clearly hearsay. A security guard can't testify as to an agreement that the federal government may have with the building, with the security company that the security guard works for. What's the proposition that this rises to the level of plain error? Well, it's the hearsay. Oh, I understand that argument, but I'm just saying what's your best case to say that we should notice the error? I don't have a specific case. Just using the hearsay doctrine, this person is testifying as to something that's outside of their personal knowledge. And to have that meet the high burden that's required in a criminal case is one of the elements of the case, is we're saying that that's insufficient. Our other argument as well is that the statute itself, the constitutionality of the statute, of what exactly amounts to being a nuisance, we're arguing that that statute in and of itself is also vague. As outlined in my brief, the one person's nuisance is something that another person can handle very well. One man's blasphemy is another man's lyric type of argument? Yes, Your Honor. But in this case, let's look at what happened in this specific case. The defendant is walking into a court where the rest of her life is about to be decided, where she's going to live for the rest of her life. It's clearly a high pressure situation. She walks into what is essentially just a landing area where the elevators are. There's four elevators in this small room. She goes through security. She follows instructions the first time. That doesn't work out. She comes back in. She follows instructions another time. That doesn't work out. Eventually, she's asked to take off her shoes, her belt, her purse. They're going through her purse, and she's then asked to take out a hair clip that is holding her hair in place. This is all before she's going to a hearing that, in that morning, will most likely decide where she's going to live for the rest of her life, in what country. Does she have to leave the United States, or does she stay? Clearly, she's under a lot of stress at the moment. Her reaction may not be as bizarre, based on the actions of the security guard. It may not be as bizarre. It may not constitute a nuisance to a person that's watching this whole thing. There's also a path of least resistance that could have been taken by the security guard. Security guards have wands that they can wave around, and if there's a hair clip that's setting off a metal detector, what was keeping the security guard from using that hair clip? That's a very sympathetic argument, and all a good reason why maybe she shouldn't have been prosecuted. But it's not a good reason to set aside a conviction. Either she did the acts, and they may be understandable, or she didn't, and they either constitute a crime or they don't. Whether cases should have been prosecuted is something that we can't do anything about. What kind of a sentence did she get? A light sentence. She was given a community service trial. Is this an offense that affects her ability to stay in the United States? I don't believe it is. I don't believe it's a moral turpitude crime. It's clearly not a crime of violence. It's a lesser misdemeanor. I know this is outside the record, but did she go on and she had her asylum hearing? That day she did not. That day she was not allowed to go in. But eventually has it been rescheduled and she's gone through that? Well, eventually her case was administratively closed by the court. She's now in limbo, as many people in immigration courts are. The courts are overpacked. People are being scheduled for hearings two, three years out in certain cases. So what the courts are doing is they're closing a lot of cases. Just administratively closing. Not bestowing any kind of legal status on people, but just saying we're not going to put you in these proceedings anymore. You're no longer subject to removal by this court at this time, and hopefully the law will change. The defendant is one of those people that is now in kind of an immigration limbo. Now, had she had her hearing that day, who knows what could have happened? She might have gotten deported. She might have gotten deported or ordered deported, and then we would have been here arguing. Then I would have been here arguing that case. Or she could have been granted political asylum as well. So I think this is clearly not the crime of the century, as your question touched on. I think that had something to do with how this case was presented to the court, and that's kind of where our argument is entailed. They needed to prove all the elements of the case, and they didn't. They should have called somebody from some government official that would have taken about 20 minutes of the court's time and said, you know what, this is a government leased property. The government has a lease. Here's a copy of the lease. She violated this law while on federal land or while land that is leased by the federal government. End of story. But they didn't. They relied on circumventing that direct testimony by having people that are not privy to the information, people without personal knowledge, testify to something that was an essential element of the case. Is it the main element of the case? No. Clearly her behavior is the main element of the case, but nonetheless you have to establish where it happened, and that just wasn't done here. But isn't there almost a presumption that when you're entering a federal administrative court that all of the conditions that you're talking about have been met almost without any proof at all? It doesn't differ from coming into this court. I mean, it doesn't look like a federal courthouse. It's a beautiful building, as all of us who visit appreciate. But it doesn't say you are now entering, or maybe it does, you are now entering federal property. I believe, I don't know if it says that you're entering federal property, but it clearly says that this is the United States. But you know you're walking into the United States Court of Appeals for the 9th, so you wouldn't expect that that's a federal facility. I mean, without going into this building in great detail, it's clear that when you're walking in that this is a federal court of appeal. There's a conveyor belt where you put your briefcase, there's a U.S. Marshal standing here, and I didn't notice, I actually meant to notice on my drive in, to take notice of that because I was anticipating that question. I'm not sure if there's a big sign on the front that says this is the 9th Circuit Court of Appeals. The sign on the building where the immigration court is says City National Bank. And the security guards are private security. That's clear. Now this is kind of an issue that as attorneys that go from court to court, we kind of see a lot of. There's different policies in different courts, even district courts. Some district courts will wave you in with a smile if you show them a bar card, and others will make you take your belt and your shoes and your jacket and basically distribute out of your bare essentials to walk into a court. It could be inferred. Sure, we'll stipulate to that, we'll grant that, but in a criminal case where you have to prove all of the elements beyond a reasonable doubt, there needs to be something more than just a presumption that you are where you are. The person that went into it. The problem, one problem, is there is testimony. The objection, which wasn't made, is that it's hearsay testimony. But in the absence of an objection to hearsay testimony, isn't that evidence that's in the record? Well, the court, Suspense, can exclude hearsay evidence. It could have, but it didn't. It accepted the evidence. Nobody objected, and it's in the record. There is testimony that this is federal property. The evidence is there. We're arguing that because it is hearsay evidence, because the court failed to exclude the evidence, that evidence didn't rise to the level of proof that's required to prove an element of a criminal offense, and that's beyond a reasonable doubt. But there is a reasonable doubt. You've got 20 seconds left, but we'll give you a full minute for rebuttal. Thank you, Your Honor. Okay. May it please the court, Ilana Artson on behalf of the United States. I'd like to address the two issues that defense counsel addressed. First, with respect to the sufficiency of evidence, there was more than enough evidence to determine that this conduct occurred on federal property. First of all, there was sufficient evidence that GSA controlled the entire lobby leading to the checkpoint. There were two signs posted in the lobby that listed the regulations under 41 CFR that govern conduct on federal property. Those were posted conspicuously in the lobby next to the elevator doors.  there was another sign in the lobby. Did you go through the elevator doors before you get through the screening point? Well, you exit the 17th floor from the elevator into a small lobby, and right next to the elevator doors, as shown in the photographic evidence that the government introduced, there are posted two signs. One of those signs lists the regulations under 41 CFR that govern conduct on GSA property, the same regulations that are posted in this courthouse. And the second was a sign in the lobby next to the elevator door. You can see this at ER 278 and ER 280, stating security checkpoint and stating that telephones and pagers are not permitted in the courtrooms, court hallways, or elevator lobbies. It would be reasonable to infer from both of those signs that, in fact, the entire lobby was under the control of GSA. Even if GSA didn't have control over the lobby, the magistrate judge did not clearly err in finding that there was control over the entrance to the 17th floor at the checkpoint where this conduct took place. As was previously pointed out, the Federal Protective Services Officer, Officer Hill, testified that the Federal Protective Service provides protection services to GSA-controlled properties, and that, at the least, the entrance to the 17th floor was controlled by GSA. He couldn't testify to the possibility of the entire 17th floor because he thought there might be some offices behind the elevator bay, but certainly the entrance. And the incident had occurred at a checkpoint, which, as the magistrate judge reasonably inferred, is going to be entirely on Federal property, not just part of it, because otherwise how could you control security if you only control the back but not the front? And finally, even if you accept the defendant's claim that only the far side of the metal detector is on Federal property, the magistrate judge found that some of the conduct occurred on that far side, and that was not a clearly erroneous finding. Why don't you get to the other point, the nuisance question? As to whether there's a vagueness problem? Well, Your Honor, there are two vagueness claims here that are both reviewed for plain error because they were raised for the first time after the magistrate judge stage. With respect to the as-applied claim that nuisance is vague, it's well established that a defendant whose conduct clearly falls under the statute cannot raise an as-applied challenge. And that rule applies under the Supreme Court's Humanitarian Law Project decision whether the conduct is in the form of speech or not. In this case, it can't seriously be disputed that her conduct clearly created a nuisance. It caused the checkpoint to have to be shut down temporarily while the security guard called for backup. What is a nuisance? Well, nuisance has a sort of common understanding. I think it's commonly understood to essentially comprise conduct that unduly interferes with the exercise of other common rights or the interests at stake, such as the proper functioning of the federal facility. And clearly, her conduct interfered with the proper functioning of this checkpoint, which is screening visitors to make sure that they don't have any prohibited or dangerous items. And her conduct, her entire course of conduct, which consisted of a variety of acts, beginning with raising her voice, shouting at the guard, you don't know who I am, you're going to remember me, slamming her shoes down when asked to remove them, and finally culminating in throwing an object at the security guard while saying, I'm going to kill you. That entire course of conduct, which caused the shutdown of the security checkpoint, clearly can't be legal. It clearly created a nuisance. You answered Judge Reinhart's question, though. I thought he said, what is a nuisance? The argument is there's no definition, right? Well, there isn't a definition in the statute, but it has a commonly understood meaning. As this court held in Kutalvis, when there was a vagueness challenge to park regulation that governs similar conduct, I think the language in the statute was disorderly conduct that creates public alarm or a nuisance. And the court found that there was no vagueness problem there because these were all common terms. So nuisance over the common... You know, it does have a settled legal meaning and an understanding and common usage. And at the very least, disrupting the function of that security checkpoint is something that would commonly be understood as a nuisance. So certainly as applied to her conduct, this was not vague, and therefore the defendant can't raise an as-applied challenge related to somebody else's conduct. So are Ossinger and Bryce then dispositive somehow of this issue? Well, I think that... Help a visiting judge. Is there a Ninth Circuit case that will give us some passing definition of nuisance from a legal point of view? Your Honor, we haven't really cited one because I think what the courts have said is that these are commonly understood words that, you know, don't... Well, if a court had said that, then there'll be a case. And I'm sorry that I don't have one to cite to you, but I can find one when I... Hopefully this one is... But I can find one when I return to my office and I would be happy to send a 28-J letter with such a case, Your Honor. Well, I think there is Ossinger and I think there's Bryce that speak at least to the overbroad aspect of the use of the word. Well, I think that those cases were actually looking at a somewhat different issue. I think Bryce was looking at a First Amendment challenge. I was addressing the vagueness issue. And under the... But it did use that language about not unconstitutionally vague or overbroad. Right, and that had to do with if there's a limiting construction, then the courts have found neither vagueness nor overbreadth. And in Bryce and in another case, Stansell, which also interpreted the predecessor to this statute, this court has said there is a limiting construction that can be put on this regulation because if you look at the entire subpart and all the regulations, they relate to sort of conduct on federal property that preserves the normal functioning of that property. And with that gloss, there is neither a vagueness problem nor a First Amendment problem. Ossinger really was looking, because that was a stalking statute, it wasn't looking at the word nuisance. I think it was looking at harass and I think substantial emotional distress, which again the court said, you know, these are words that kind of have a common settled meaning. So for those reasons, we don't think the as applied challenge works. I also just want to point out that when looking at the vagueness inquiry, the Supreme Court explained in Williams that vagueness isn't about whether it's a close question as to whether the element was met. That's what the beyond a reasonable doubt standard is for. It's about whether the term itself is so standardless and subjective that it's just too indeterminate. And, you know, the case in which the defense relies, that's simply not our situation here. This is not a statute that prohibited annoying conduct, which the courts have said is so standardless and so subjective that it's just too vague. This is a word that has some settled legal meaning that can be narrowed through a limiting construction. And as in Stansell and as in Bryce, for that reason, there is neither a facial problem nor an as applied problem. I would also point out that there is a scienter requirement of knowingly here, as there was in Hilvey, Colorado, where the Supreme Court found that knowingly that scienter was ameliorative of the vagueness concern. So I think when you both look at the scienter requirement as well as the narrowing constructions and the settled meaning, there is not a problem here. Was there a, is a conviction based on subsection A as opposed to subsection C? Yes, we charge subsection A. Charge subsection A. And so it could have been for creating a loud or unusual noise or for creating a nuisance? Well, although that regulation does cover both, she was specifically charged with creating a nuisance. She wasn't charged with louder unusual noise. Finally, with respect to the First Amendment issues, I just wanted to take a moment to raise a couple of additional points. First of all, it's not clear that this court even has to address the First Amendment issue because this defendant was not charged with making threats. She was only charged with creating a nuisance. And even if you took out the statement, I'm going to kill you, I would submit that the conduct clearly created a nuisance. If you looked at the entire course of conduct, culminating in throwing an object at the security guard, which she was asked to remove, that created a nuisance. So I would submit that the court doesn't even have to reach the First Amendment issues. It certainly doesn't have to decide whether this is a threat because we are talking about a non-public forum. And in a non-public forum, even protected speech can be regulated as long as the application of the regulation is reasonable in light of the purpose served by the forum and the regulation is viewpoint neutral. Clearly, the application of this regulation to defendant's conduct furthers the purpose of the forum. The purpose of that forum is to preserve the functioning of federal facilities and her conduct clearly impeded that by causing a closure of the checkpoint. And for that reason, the as-applied challenge fails even without having to reach the issue of a threat. And regarding the facial challenge, this is an issue that is reviewed for plain error because it's raised for the first time on appeal. And as Judge Lucero pointed out, in Bryce, this court addressed the predecessor to this regulation, which contains very similar language, and determined that it can be narrowed and therefore it does not, when you look at that narrowing gloss, prohibit a substantial amount of protected speech in relation to the statute's limited suite. So for all of these reasons, the government submits, if the court has no further questions, that the defendant's conviction should be affirmed. Thank you, counsel. Do you want a minute of rebuttal? Yes, Your Honor. I'll be brief. I may be under a minute. But I think the entire argument of government, respectfully, is that we can easily define what exactly a nuisance is. But when somebody's being charged with creating a loud or unusual noise, what in the record said that anything was specifically loud or unusual about this conduct? Well, the primary basis conviction is solely on nuisance rather than loud or unusual noise. But under the statute for which she was convicted, it's create a loud or unusual noise or nuisance. But again, how was this nuisance created? That leaves too much up to interpretation, and that's our argument. Is this a nuisance, or was the nuisance created by the security guard, or is this a nuisance at all? Is this just somebody trying to walk into court? And that's our argument, and we'll submit that. The whole thing about going through the gate is a nuisance. All right. Thank you very much. Thank you for your time.
judges: Reinhardt, Lucero, Nguyen